IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RONNIE WAYNE SMITH                                               PLAINTIFF

VS.                                              CIVIL ACTION NO: 3:15CV200-NBB-DAS

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT

**ORDER**

This matter is before the court on plaintiff's motion (#10) for remand pursuant to sentence six of 42 U.S.C. § 405(g), the Social Security Act. In support of his motion, plaintiff argues that the Commissioner of Social Security ("Commissioner") rendered his final decision without the benefit of more than two-thousand pages of medical records from the Veteran's Administration ("VA"). For the reasons set forth below, the court finds that plaintiff's motion is well taken and should be granted.

Pursuant to 42 U.S.C. § 405(g), courts may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is *new evidence* which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding…" (Emphasis added). In this case, the Commissioner concedes that at least some portions of plaintiff's medical records from the VA constitute new evidence. Therefore, plaintiff's motion turns on two issues: (1) whether the new evidence is material and (2) whether good cause exists for failing to provide this evidence during the original proceedings.

In determining whether the new evidence is material, courts must consider "(1) whether the evidence relates to the time period for which the disability benefits were denied, and (2)

whether there is a reasonable probability that this new evidence would change the outcome of the [Commissioner's] decision." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). The new evidence in this case meets both criteria.

In his brief (#21), plaintiff cites to several portions of the new evidence as being relevant to time period for which disability benefits were denied. Exhibit one (#21-1) includes medical records for an MRI taken in 2005, which indicated a broad-based herniated disc on the left side of the spine at the L5-S1 portion. Exhibit two (#21-2) contains a CT scan from May 12th, 2014 that indicates plaintiff has a non-calcified nodule in the medial right middle lobe of his lung. And exhibit three (#21-3) includes medical records from October 20th, 2014 wherein plaintiff's treating physician concludes that the nodule found in plaintiff's lung during the CT scan is likely cancerous. Because his administrative hearing took place on May 1st, 2015, the court agrees with plaintiff and finds that the medical records relate to the relevant time period.

The court also finds that the new evidence has a reasonable probability of changing the outcome of the Commissioner's final decision. In finding plaintiff was not disabled, the Administrative Law Judge discounted the severity of plaintiff's back pain and lung disease because they were not supported by objective medical evidence. But the new evidence, such as the exhibits discussed above, provides an objective basis for plaintiff's subjective complaints.

The final issue is whether good cause exists for failing to include the medical records from the VA in the original proceedings. The court finds plaintiff has demonstrated a legitimate reason for not producing this evidence earlier. According to the record, plaintiff requested his medical records from the VA about one month before his hearing was held. However, the records did not arrive in time for his hearing, and plaintiff's attorney advised the ALJ that he had been in contact with the VA, and the VA indicated the records would be available within

approximately one month. The ALJ agreed to hold the record open for thirty days. Again, however, the VA failed to send plaintiff's medical records. In fact, plaintiff ultimately had to drive to Memphis, Tennessee and physically take possession of his medical records. Although plaintiff failed to retrieve his medical records before the Appeals Council had issued its decision, the court notes the timeline for submitting new evidence was highly compressed: less than thirty days passed between the ALJ's written decision and that of the Appeals Council.

In light of the foregoing, the court finds that the medical records from the VA is new, material evidence, and good cause exists for the plaintiff's failure to make those records available during the original proceedings.

IT IS, THEREFORE, ORDERED that, in light of the new evidence, this matter shall be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further consideration.

SO ORDERED this, the 17th day of May, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE